IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 10 B 37666 |
| Felicia James ) | Judge Hon. Schmetterer |
| ) | CHAPTER 13 |
| ) | |
| Felicia James ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ADV. NO. 10 AP 02276 |
| American Home Mortgage Servicing Inc. ) | |
| Defendant. ) | |

*Findings of Fact and Conclusions of Law*

## FINDINGS OF FACT

**A.   The Parties**

1. The Plaintiff is Felicia James ("Plaintiff").

2. The Defendant is American Home Mortgage Servicing Inc. ("Defendant").

**B.   Factual Background**

1. On or about August 23, 2010, Plaintiff filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. Plaintiff owns the real estate commonly known as 21734 Carol Avenue, Sauk Village, IL 60411.

3. That American Home Mortgage Servicing Inc. holds a first mortgage lien on the real property commonly known as 21734 Carol Avenue, Sauk Village, IL 60411, with a secured claim of $103,950.00 pursuant to the Plaintiff's credit report.

4. The Defendant holds a second mortgage lien on the real property known as 21734 Carol Avenue, Sauk Village, IL 60411 in the approximate amount of $27,381.51

pursuant to the proof of claim filed on October 1, 2010 by American Home Mortgage Servicing Inc.

5. That the Plaintiff obtained an appraisal of the property on August 13, 2010 indicating the value of 21734 Carol Avenue, Sauk Village, IL 60411 as $50,000.00.

6. The first mortgage lien of American Home Mortgage Servicing Inc. is a secured claim based on the mortgage recorded on May 9, 2006 as document number 0614254106 with the Cook County Recorder of Deeds, Illinois.

7. The second mortgage lien of American Home Mortgage Servicing Inc. is a claim based on the mortgage recorded on May 9, 2006 as document number 0614254107 with the Cook County Recorder of Deeds, Illinois.

8. The current Chapter 13 Plan provides for the Plaintiff to make monthly payments to the Chapter 13 Trustee in the amount of $650.00 per month.

9. Under the Plan, general unsecured creditors will be paid a dividend of 2 percent (2%) of their allowed claim.

10. The Plaintiff's Chapter 13 Plan states at Section G paragraph 5, that "Due to the lack of equity in Debtor's primary residence located at 21734 Carol Avenue, Sauk Village, IL 60411, American Home Mortgage Servicing's second lien (Account #xxxxxxxx3995) will be paid as an unsecured creditor."

11. On November 9, 2010, Plaintiff issued a summons and complaint pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 21734 Carol Avenue, Sauk Village, IL 60411.

12. That on November 9, 2010, a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by Regular

U.S. Mail, postage prepaid to an officer of the Defendant at 1525 S. Belt Line Road, Coppell, TX 75019.

13. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

14. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

15. No evidence has been presented to challenge the appraised value of $50,000.00.

16. The secured claim of American Home Mortgage Servicing Inc. in the amount of $27,381.51 exhausts the value and equity in Plaintiff's residence.

17. There is no value and equity to support the claim of the Defendant.

## ~~PROPOSED~~ CONCLUSIONS OF LAW

**A.    Jurisdiction**

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction overt this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

**B.    Argument**

3. This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

4. The Debtor scheduled the first secured claim of American Home Mortgage Servicing Inc. in the amount of $103,950.00 and the second claim, American Home Mortgage Servicing Inc., for the amount of $27,050.00.

5. On December 15, 2010, American Home Mortgage Servicing, Inc. filed a secured proof of claim for their first lien on Plaintiff's property in the amount of $116,191.28.

6. On October 5, 2010, American Home Mortgage Servicing, Inc. filed a secured proof of claim for their second lien on Plaintiff's property in the amount of $27,381.51.

7. The second lien of American Home Mortgage Servicing Inc. in the amount of $27,381.51 is second in priority.

8. That value of Plaintiff's residence is $50,000.00.

9. As there is no value or equity to support the second priority lien of American Home Mortgage Servicing Inc., the second American Home Mortgage Servicing Inc. claim is not a claim secured at all by a security interest in the Debtor's residence, as the term is used in § 1322(b) of the Bankruptcy Code. The Chapter 13 Plan may value the collateral under F. R. Bankr. P. 3012, and determine the respective rights of secured creditors through the language used therein, contingent on confirmation thereof, completion of the Plan by the Debtor, and entry of the discharge. *In re Meyer,* 2009 B 20268, Docket Entry 69 (Bankr.N.D.Ill. January 29, 2010).

Respectfully submitted,

/s/ Nicholas R. Perino
Attorney for the Debtor/Plaintiff

Robert J. Semrad & Associates
20 South Clark Street
28th Floor
Chicago, Illinois 60603
(312) 913-0625

Enter:

U S Bankruptcy Judge

JAN 27 2011